## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

_____

MAHER RUSTOM,

                    Plaintiff,     Case No. 1:18-cv-05278

    v.

                                       Judge:

NASER RUSTOM,                    Magistrate Judge:

                    Defendants.

_____

### Verified Complaint

Now Comes the Plaintiff, Dr. Maher Rustom, by and through his attorney M. James Salem of the Salem Law Offices, who seeks damages against Defendant Naser Rustom for fraudulently obtaining an order of protection in the Circuit Court of DuPage County against Plaintiff, prohibiting him from seeing his Mother Mrs. Elkhadra.

### Nature of the Action

1. This is a dispute between two brothers, the older brother, Plaintiff Dr. Maher Rustom, ("Maher") who is and has always been a subject (or citizen) of the country Saudi Arabia, was educated outside the United States and does not speak or write English well. The younger brother, Defendant Dr. Naser Rustom ("Naser") came to the United States in 1984, was educated in this country and became a citizen in the late 1980's. Naser speaks and writes English fluently and has become adapted to the culture, institutions and the norms of this country.

2. Defendant Naser fraudulently obtained an order of protection on behalf of Maher's Mother to keep Maher from contacting his Mother, while on a sixty-day visit in the United States. Naser did this to interfere with his Mother being deposed in a pending

federal court action against Naser and to pressure Maher to withdraw said action. Naser made false, fraudulent and defamatory statements that Maher was abusive to his Mother and that Maher's Mother wanted an order of protection to keep Maher away from her.

3. Maher's attorneys, in a state court action, filed a motion to depose Maher's Mother and to appoint a guardian ad litem to determine whether she wanted the order of protection or whether Naser obtained the order of protection without her consent or knowledge. Before the motion was ruled upon, Naser had his Mother's attorney move for "nonsuit." The state court judge held that since Maher's Mother moved for nonsuit, Maher's motion should be raised in another court, he denied the motion without prejudice and he vacated the order of protection.

## Jurisdiction and Venue

Jurisdiction exists in this Court by reason of complete diversity of citizenship, 28 U.S.C. § 1332. Plaintiff Maher Rustom is *domiciled* in and is a citizen of the country Saudi Arabia and he is the only Plaintiff. The Defendant is *domiciled* in the state of Illinois. The amount in controversy exceeds $75,000, exclusive of interests and costs. Thus, there is complete diversity jurisdiction.

## THE PARTIES

1. Plaintiff, Maher Rustom, is a doctor who resides in, domiciled in and is employed in Saudi Arabia.

2. Defendant, Naser Rustom, is also a doctor who is domiciled in Illinois and a citizen of the United States.

2

## STATEMENT OF FACTS

4. Maher's Mother is an 83-year-old, with disabilities, who is infirm and requires a 24-hour caretaker.

5. In March 2018, Maher and his counsel where attempting to make arrangements to depose his Mother in a pending federal court action. However, just before Maher's Mother was to be served with a subpoena to give deposition testimony, which Naser and his attorneys were all aware of, Naser moved his Mother, without her consent, from her home, with her 24-hour caretaker, to an undisclosed location and he prohibited any telephone calls between Maher and his Mother.

6. Vivian Khalaf, Maher Mother's personal attorney said to Maher and his attorney that Maher's Mother: "*does not want to see or speak with Maher, until he drops his federal court case against Naser*," or words to that effect.

7. Consequently, Maher sustained great emotional and physical pain and suffering and Maher had a stroke the day of the removal of his Mother from her house.

8. Defendant Naser, by removing his Mother from her home and not allowing any contacts with her, interfered with Maher attorney's effort to depose Maher's Mother in a pending federal court action where Maher is suing Naser, *Rustom v. Rustom* et al., Case No. 17-cv-9061.

9. In the state court action where the order of protection was entered, Maher's attorneys moved to depose his mother and appoint a guardian ad litem to determine whether Naser removed his Mother from her house against her wishes to avoid deposition in the federal court action and/or to pressure him to settle the pending federal court action.

10. Thereafter, before said motion was heard, Naser caused his Mother's counsel to withdraw the state court action by moving for "nonsuit" and thereby vacating the order of protection.

11. In a subsequent telephone call between Maher and his Mother, she confirmed to Maher that she never wanted the order of protection and that she repeatedly asked to go back home and see and speak with Maher, but Naser prevented her from doing so since he removed her from her home without her consent on, March 20, 2018.

12. The state court judge denied Maher's said motion without prejudice and indicated that the issue of whether there was fraudulent representation by Defendant Naser to obtain the order of protection should be raised in another action. *Elkhadra v. Rustom*, Case No. 2018 OP 000405 (Judge Brian Jacobs, Circuit Court DuPage County, 18th Judicial Circuit)

**First Cause of Action**
**Negligent Misrepresentation**

1. Plaintiff repeats paragraphs 1 through 12 as stated herein.

2. Defendants Naser Rustom has a duty to ensure that he makes truthful and accurate representations concerning his 83-year old, infirm Mother, Mrs. Elkhadra.

3. Naser breached said duty by presenting to a state court an affidavit or caused such affidavit to be presented, which claimed that his Mother needs and wants an immediate order of protection against Maher on the basis that Maher was abusive to his Mother.

4. This statement was not truthful and inaccurate because Mrs. Elkhadra never wanted the order of protection and Maher was never abusive to his Mother.

5. The state court relied on Naser's representation, in his capacity as a party of interest in the state court action, to enter an order of protection prohibiting Maher from contacting his Mother.

6. As a result of the order of protection, prohibiting Maher from contacting his mother, Maher had a stroke on the same day his Mother was removed from her house and from his stress and anxiety about his Mother.

7. **WHEREFORE,** Plaintiff respectfully request the following relief:

   a) an order awarding compensatory damages for medical and attorney's fees, pain and suffering in the amount of one million dollars ($1,000,000);

   b) together with such other and further relief this Court deems just and proper.

## Second Cause of Action
## Common Law Fraud

8. Plaintiff repeats paragraphs 1 through 12 as stated herein.

9. Defendant Naser Rustom presented to the state court an affidavit from Mrs. Elkhadra claiming she wanted an immediate order of protection. This was a false statement intentionally made to obtain an order of protection.

10. Naser knew that his Mother never wanted the order of protection because this is what she indicated to Maher and it is obvious from the totality of the circumstances.

11. The state court relied on Naser's claims, as a party of interest, to enter an order of protection against Maher.

12. As a result of the order of protection, prohibiting Maher from contacting his Mother, Maher had a stroke on the same day Naser removed his Mother from her home.

13. **WHEREFORE,** Plaintiff respectfully request the following relief:

a) an order awarding compensatory damages for medical and attorney's fees, pain and suffering in the amount of one million dollars ($1,000,000);

b) punitive damages in the amount of ten million dollars ($10,000,000) to deter the Defendant and others similarly situated from repeating such conduct;

c) an order granting attorney's fees for Plaintiff;

d) together with such other and further relief this Court deems just and proper.

### Third Cause of Action
### Intentional Infliction of Emotional Distress

1. Plaintiff repeats paragraphs 1 through 12 as stated herein.

2. Defendant Naser Rustom presented to the state court an affidavit from his Mother claiming she wanted an immediate order of protection. This was a false statement intentionally made to obtain an order of protection.

3. Naser knew that his Mother never wanted the order of protection because this is what she indicated to Maher and it is obvious from the totality of the circumstances.

4. Maher's Mother, Mrs. Elkhadra's, personal attorney, Vivian Khalaf stated to Maher and his counsel that Maher's Mother: "*does not want to see or speak with Maher, until he drops his federal court case against Naser.*" This is a false statement because when Plaintiff finally was able to contact his Mother she indicated that she never wanted the order of protection and repeatedly asked to go home and to speak with Maher, but Naser refused to allow her.

5. **WHEREFORE,** Plaintiff respectfully request the following relief:

a) an order awarding compensatory damages for Medical and attorney's fees, pain and suffering in the amount of one million dollars ($1,000,000);

b) punitive damages in the amount of ten million dollars ($10,000,000) to deter the

Defendant and others similarly situated from repeating such conduct;

c) an order granting attorney's fees for Plaintiff;

d) together with such other and further relief this Court deems just and proper.

### Fourth Cause of Action
### Defamation

1. Plaintiff repeats paragraphs 1 through 12 as stated herein.

2. Defendant Naser Rustom stated that Plaintiff Maher Rustom was abusive to his mother to

   his Mother's counsel, Maher's counsel and Naser published it in writing for the public to

   view.

3. This was a false statement and Naser knew it was false at the time he made it.

4. This false statement defamed Maher and injured his reputation and injured his

   professional reputation as a doctor.

5. **WHEREFORE,** Plaintiff respectfully request the following relief:

   a) an order awarding compensatory damages for the injury to Maher's reputation and to

   his professional reputation as a doctor in amount of five million dollars ($5,000,000);

   b) punitive damages in the amount of ten million dollars ($10,000,000) to deter the

   Defendant and others similarly situated from repeating such conduct;

   c) an order granting attorney's fees for Plaintiff;

   d) together with such other and further relief this Court deems just and proper.

**Jury Demanded**

Dated: August 2, 2018**,**

                                    Respectfully submitted,

                                    /s/M. James Salem,
                                    Salem Law Offices

7

Attorney for Plaintiff
7156 West 127th Street, B-149
Palos Heights, IL. 60463
Tel. (708) 277-4775
salemlaw@comcast.net

**Verification**

Pursuant to 28 U.S.C. § 1746, I Dr. Maher Rustom, declare under the penalty of perjury that the foregoing statements in this Complaint are true and complete, except those facts I believe them to be true based on second-hand information.

Executed on this 2nd Day of August, 2018,

/s/Dr. Maher Rustom