IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAHER RUSTOM,

                Plaintiff,

v.

NASER RUSTOM,

                Defendants.

Case No. 1:18-cv-05278

HONORABLE, CHARLES NORGLE
Judge Presiding

HONORABLE, SHELIA FINNEGAN.
Magistrate Judge

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

Defendant, by and through his attorneys, the Law Office of Russell C. Green and Hughes Socol Piers Resnick Dym, Ltd., submits this Memorandum in Support of his Motion to Dismiss pursuant to Rules 9 and 12(b)(6) of the Federal Rules of Civil Procedure.

**INTRODUCTION**

Plaintiff, Maher Rustom ("Maher"), brought this action against his brother, Defendant Naser Rustom ("Naser"),[1] alleging four state law causes of action: negligent misrepresentation (Count I), fraud (Count II), intentional infliction of emotional distress ("IIED") Count III), and defamation (Count IV). None of the claims are factually or legally sound. The Complaint stems from a discovery dispute in Maher's existing lawsuit against his brother Naser, and is merely a bad faith attempt to pressure Naser to settle that litigation.

Since 2017, Plaintiff Maher has been litigating against Defendant Naser in front of Judge Aspen regarding the ownership of an office building and MRI business in Chicago. *Rustom v. Rustom et al.*, Case No. 17-cv-9061 (N.D. Ill.) ("MRI Litigation"). There Maher brought claims

---

[1] Both Rustom brothers are physicians and known as Dr. Rustom. For clarity of distinction, the parties are referenced by their first names, *i.e.* "Maher" and "Naser."

of fraud, accounting, and quiet title in an attempt to seize a medical office building and MRI business owned by Naser. MRI Litigation, Doc. 1.[2] After multiple attempts to state a claim, Judge Aspen dismissed the entire Second Amended Complaint under Rules 9(b), 12(b)(6), 12(d) and 56(a). *Id.*, Doc. 92. There Maher is now on his fourth complaint attempting to state a claim, with no success in doing so.[3] Failing in that lawsuit, Maher now has launched a collateral attack on Naser for unsubstantiated interference with a deposition in the MRI Litigation of Ms. Nawal Elkhadra ("Nawal")—the mother of both Maher and Naser.

Maher's Complaint in this lawsuit is replete with baseless allegations that fail to comply with the requirements of Rules 9 and Rule 12(b)(6) of the Federal Rules of Civil Procedure and the pleading requirements of Illinois substantive law. Maher imagines that Naser obtained an order of protection from the Circuit Court of DuPage County on March 26, 2018 to prevent Maher from contacting (and thus deposing) Nawal. A copy of that Verified Petition for Order of Protection, filed by Nawal's attorneys, and including the notarized, sworn affidavit of Nawal, is attached hereto as Exhibit "A" ("Verified Petition").

From his initial false premise, Maher concocts the four claims alleged in his Complaint. He alleges misrepresentation and defamation by Naser, but does not plead any identifiable or specific statements, nor their context, let alone plead them with specificity. Nor can statements by Nawal or her attorney in the DuPage case provide the basis for claims against Naser. Maher claims emotional distress, but he does not plead any remotely outrageous conduct by anyone. As to harm, Maher alleges that the *order of protection* caused him to suffer a stroke—but he alleges in his

---

[2] The relationship between the Complaint here and the proceedings before Judge Aspen, as well as judicial economy, could support the transfer of this case to Judge Aspen's docket. Because the Third Amended Complaint in the previous case awaits ruling on a motion to dismiss, and because the Complaint in this case does not appear to fit exactly all of the criteria specified in Local Rule 40.4, Naher has not presented a motion to transfer this matter.

[3] A motion to dismiss became fully briefed on November 1, 2018, and is awaiting decision. Docs. 93, 98.

verified Complaint that the stroke occurred six days *prior* to the order of protection petition even being filed.  These allegations are not merely implausible, but factually impossible.  As set forth further below the blatant insufficiencies in the Complaint warrant its dismissal with prejudice.

## THE COMPLAINT ALLEGATIONS[4]

The Complaint in this case alleges that Naser "interfered with Maher [sic] attorney's effort to depose Maher's Mother in a pending federal court action where Maher is suing Naser, *Rustom v. Rustom* et al., Case No. 17-cv-9061." Complaint at 3, ¶ 8 (Doc. 1).[5]  The Complaint alleges that "Defendant Naser fraudulently obtained an order of protection" and "presented to the state court an affidavit from Mrs. Elkhadra claiming she wanted an immediate order of protection," *id.* at 1, ¶ 2 and at 5, ¶ 9, which was alleged to be false because she did not want an order of protection, and because "Maher was never abusive to his Mother," *id.* at 4, ¶ 4.  Maher also claims that the "state court relied on Naser's representation … to enter an order of protection." *Id.* at 5, ¶ 5.  The Complaint allegations refer to the order of protection proceedings *Elkhadra v. Rustom*, Case No. 2018 OP 000405, in the Circuit Court of the Eighteenth Circuit, DuPage County.  *Id.* at 3, ¶ 8.  As noted above a copy of that Verified Petition is attached as Exhibit A to this memorandum.[6]

The Verified Petition for an order of protection filed in DuPage County includes a notarized sworn affidavit from Nawal that details Maher's extensive abusive conduct toward her.  Verified Petition, Ex. A at 12-13.  Nawal was represented in those proceedings by two attorneys: Mervate

---

[4] This statement of facts come from the Complaint, as required for Rule 12(b)(6) motion, along with public court filings and documents from the cases referred to by the Complaint.  *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (court may consider material "to which the Complaint ha[s] referred" and that are "concededly authentic" under Rule 12(b)(6) without converting the motion into one for summary judgment pursuant to Rule 12(d)).

[5] The premise of the Complaint is that Naser interfered with Maher's deposition of Nawal.  Yet on March 27, 2018, in the MRI Litigation, Maher attempted compel the deposition of Nawal and Judge Aspen denied the motion on April 4, 2017. MRI Litigation, Docs. 29, 36.

[6] A court may "take judicial notice of public records, including public court documents, in ruling on a motion to dismiss under Rule 12(b)(6)." *White v. Keely*, 814 F.3d 883, 885 (7th Cir. 2016).

Mohammad who filed the Verified Petition, *id.* at 9, and her personal attorney—Vivian Khalaf—who spoke with Maher about the order of protection, Complaint at 3, ¶ 6. The Verified Petition was not filed by Naser and does not contain any statement by Naser. Verified Petition, Ex. A. Nor does Maher's Complaint before this Court include any allegation about what Naser purportedly did or said to obtain an order of protection.

The Complaint also alleges that "Defendant Naser Rustom stated that Plaintiff Maher Rustom was abusive to his mother … in writing for the public to view." Complaint at 7, ¶ 2. The Complaint does not provide the alleged writing, or its content, state when it was made, who it was published to, or how it was for "the public to view." Maher alleges generally that this statement "defamed Maher and injured his reputation." *Id.* at 7, ¶ 4. The Complaint does not include any allegations about the specific damages Maher suffered from this alleged written statement.

The Complaint further alleges that "[a]s a result of the order of protection," Maher had a stroke. *Id.* at 5, ¶ 12. Maher pleads that he suffered the stroke on March 20, 2018. *Id.* at 3, ¶ 7 (stroke occurred the day Nawal left her house) and at 4, ¶ 11 (that occurred on March 20, 2018). But this allegation, in addition to implausible, is impossible, since the Verified Petition was filed, on March 26, 2018, six days *after* the stroke allegedly occurred. Verified Petition, Ex. A at 1.

**ARGUMENT**

Pursuant to Rule 12(b)(6), the Court should dismiss the Complaint because Plaintiff Maher fails to allege any facts that could plausibly establish any legal claim. Dismissal pursuant to Rule 12(b)(6) is proper if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original) (citation omitted). Here, too, Plaintiff's claims fall within Rule 9, which

4

requires that he "state with particularity the circumstances constituting fraud" and plead special damages with specificity.  Fed. R. Civ. P. 9(b) and 9(g).

All of the claims are based on Illinois law; the Court thus applies the substantive law of Illinois.  "In federal cases based on diversity jurisdiction, federal courts apply state substantive law." *Sun Life Assurance Co. v. Great Lakes Bus. Credit LLC,* 968 F. Supp. 2d 898, 909 (N.D. Ill. 2013).  *See also Trask-Morton v. Motel 6 Operating L.P.,* 534 F.3d 672, 677 (7th Cir. 2008).

### A.  Count I fails to plead a claim for negligent misrepresentation.

Maher fails to plead Naser's duty of care or the elements of misrepresentation, and thus fails to state a claim for negligent misrepresentation.  "In order to state a cause of action for negligent misrepresentation, plaintiff's complaint must first allege facts establishing a duty owed by the defendant to communicate accurate information." *Brogan v. Mitchell Int'l, Inc.*, 181 Ill. 2d 178, 183 (1998) (citation omitted).  Illinois recognizes "only two circumstances" when such a duty exists: first where the false information "results in physical injury to a person or harm to property" or second "in the business of supplying information." *Id.* at 184.  There is "no broad duty to avoid misrepresentations that cause only emotional harm." *Id*. at 185.  *See also Vassell v. Presence Saint Francis Hosp.*, 2018 IL App (1st) 163102, at ¶ 58 ("a duty based on a voluntary undertaking is available only to claimants asserting physical harm … [which] does not include emotional or fiscal harm").  Thus, "negligent misrepresentation actions are almost universally limited to situations involving a defendant who, in the course of his business or profession, supplies information for the guidance of others." *Hoover v. Country Mut. Ins. Co.*, 2012 IL App (1st) 110939, ¶ 45.

In addition, to state a claim for negligent misrepresentation, a plaintiff must plead "essentially the same elements [as fraudulent misrepresentation], except that the defendant's mental state is different." *Bd. of Educ. of City of Chicago v. A, C & S, Inc.*, 131 Ill. 2d 428, 452

(1989). This includes that "(1) the defendant made 'a false statement of material fact,' (2) the defendant had the 'intention to induce the other party to act,' (3) the plaintiff relied 'on the truth of the statements,' (4) 'damage to the other party resulting from such reliance,' and (5) the 'defendant owes a duty to the plaintiff to communicate accurate information.'" *Kemper/Prime Indus. Partners v. Montgomery Watson Americas, Inc.*, 487 F.3d 1061, 1064 (7th Cir. 2007).

The Complaint fails to allege Naser's duty, and thus fails to state a claim for negligent misrepresentation. Maher fails to plead any facts that remotely suggest Naser had "a duty to plaintiff to communicate accurate information." *Id.* This is dispositive. Maher alleges only that Naser "has a duty to ensure that he makes truthful and accurate representations concerning his 83-year old, infirm Mother, Mrs. Elkhadra." Complaint at 4, ¶ 2. But the allegation that the statement was about Naser's mother is irrelevant. The content of the statement cannot create duty. *Brogan*, 181 Ill. 2d at 183. Maher does not allege that Naser is in the business of providing information or physical injury from a false statement by Naser, and thus has not pled a duty under Illinois law. *Id.* Without an allegation of duty, the Complaint cannot state a claim for negligent misrepresentation.

Maser also fails to plead the elements of a claim for misrepresentation, including the statement, negligence, reliance by the plaintiff, and resulting injury. The Complaint fails to plead that Naser made a false statement or the contents of any alleged false statement itself. Rather, he merely asserts that "Defendant Naser Rustom presented to the state court an affidavit from Mrs. Elkhadra." Complaint at 5, ¶ 9. Maher does not identify the specific affidavit or statement. Maher does not plead when or where it was made. Maher does not plead how any statement was allegedly "presented" by Naser, who was not a named party to the state court proceedings. Maher does not plead the content of the statement, or what Naser himself actually did or said.

If the Complaint is referring to Nawal's affidavit attached to her Verified Petition for an Order of Protection, Ex. A at 12-13, the allegations are not even plausible. The Verified Petition includes no statement from Naser, nor did he "present" anything to the Circuit Court of DuPage County. Naser is not an attorney, nor did he act on his mother's behalf. The petition for an order of protection was verified and filed by Nawal's separate counsel, Ms. Mervate Mohammad. *Id.* at 9. The only statement from Nawal herself is her notarized, sworn affidavit. *Id.* at 12-13. Notarized statements are presumptively valid and Maher makes no claim of forgery. *See Butler v. Encyclopedia Brittanica, Inc.*, 41 F.3d 285, 293-94 (7th Cir. 1994). The Complaint simply does not plead any false statement by Naser to support a claim of negligent misrepresentation.

Maher also fails to plead that Naser was negligent, even if there was a false statement. Even if "an affidavit" submitted to the state court had been "inaccurate," and even if Naser had somehow been involved, the Complaint does not allege at all how or why Naser knew or should have known that an affidavit was false, let alone plead negligence plausibly. Complaint at 4.

Maher fails to plead that he "relied 'on the truth of the statements.'" *Kemper/Prime Indus. Partners*, 487 F.3d at 1064. The Complaint never alleges that Maher was misled or relied upon any statement by Naser (or Nawal), but only that the DuPage "state court relied" on Naser's alleged statement. Complaint at 5, ¶ 11. The Complaint does not plead necessary reliance *by the plaintiff*, and thus Maher's negligent misrepresentation claim fails.

Finally, Maher fails to plead that he suffered an injury "resulting from such reliance" by the plaintiff. *Kemper/Prime Indus. Partners*, 487 F.3d at 1064. The only injury Maher alleges is that he suffered "a stroke on the same day" Nawal left her home, March 20, 2018. Complaint at 4, ¶ 11 and at 5, ¶ 12. But Nawal filed for an order of protection on March 26, 2018. Verified Petition, Ex. A at 1. It is impossible for a court filing on March 26, 2018 to cause a stroke *six days*

7

*earlier.  Tamayo,* 526 F.3d at 1086 ("'A plaintiff pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits[,]'" (citation omitted) noting that "our pleading rules do not tolerate factual inconsistencies in a complaint").

To the extent Maher claims injury in some prejudice to his discovery rights in the underlying MRI Litigation, the appropriate forum would be with Judge Aspen.  Maher simply has not pled an injury caused by his reliance on any statement.  For these reasons as well, the first cause of action for negligent misrepresentation, and Maher's related demand for "compensatory damages … in the amount of one million dollars," Complaint at 5, ¶ 7, fails as a matter of law and should be dismissed.

**B.  The fraud allegations of Count II are neither plausible, nor sufficient to comply with Rule 9(b).**

Plaintiff Maher fails to plead several of the necessary elements of a fraud claim: reliance by Maher, injury resulting from the reliance, and the content and context of the alleged false statement themselves.  The Complaint fails to satisfy the pleading requirements of Rule 9(b).

In Illinois "[t]he elements of common law fraud are: (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 496 (1996) (citation omitted).  The "first element includes three requirements: (1) the defendant must make a misrepresentation; (2) it must involve a fact; and (3) the misrepresentation must be material." *Wernikoff v. Health Care Serv. Corp.*, 376 Ill. App. 3d 228, 233 (2007) (citation omitted).  Fraud claims must be alleged with particularity under both state and federal law.  Fed. R. Civ. P. 9(b); *Connick,* 174 Ill. 2d at 496–97.

8

The Complaint's allegations of fraud fail for multiple reasons. As discussed above, Maher fails to plead that Naser made a false statement or the contents of any alleged false statement itself with specificity. Maher does not identify the specific affidavit or statement by Naser, when or where it was made, or how any statement was allegedly "presented" by Naser. Maher thus fails to provide any of the details required by Rule 9(b). *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008). Rule 9(b) requires plaintiff to allege "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Id.* (citation ommitted); *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990) (Rule 9(b) requires plaintiff to plead "the who, what, when, where, and how").

The Complaint simply does not plead any false statement by Naser, let alone plead one to the strictures of Rule 9(b). The fraud claim should be dismissed for this reason alone.

Maher also fails to plead Naser's "knowledge that the statement was false." *Connick,* 174 Ill. 2d at 496. Even if Maher had pled a false statement by Naser—which he has not—the Complaint alleges only that "Naser knew" a statement was false because Nawal allegedly told *Maher* it was false. Complaint at 5, ¶ 10. Nawal's purported statement to Maher does not show that Naser knew an unidentified statement was false.

Maher also fails to plead his own "reliance upon the truth of the statement." *Connick,* 174 Ill. 2d at 496. Maher does not allege that he was defrauded at all. The Complaint never alleges that Maher relied upon any statement by Naser (or Nawal), but only that the DuPage "state court relied" on Naser's alleged statement. Complaint at 5, ¶ 11. The Complaint does not plead necessary reliance, and thus Maher's fraud claim fails.

Maher also fails to plead any injury "resulting from [plaintiff's] reliance on the statement." *Connick,* 174 Ill. 2d at 496. The only injury Maher alleges is that he suffered "a stroke on the same day" Nawal left her home, March 20, 2018. Complaint at 4, ¶ 11 and at 5, ¶ 12. But as explained above, that allegation is facially impossible and Maher has thus pled himself out of court. *Tamayo*, 526 F.3d at 1086. Without pleading an injury that resulted from Maher's reliance on Naser's statement, with particularity, the Complaint fails to state a claim of fraud. The fraud claim should be dismissed pursuant to Rules 12(b)(6) and 9(b).

## C. Count III does not allege a single element of a claim for IIED.

Maher utterly fails to plead even a single element of an intentional infliction of emotional distress ("IIED") claim. Under Illinois law, an IIED complaint must allege "(1) the defendant's conduct was truly extreme and outrageous; (2) the defendant intended to inflict severe emotional distress …; and (3) the defendant's conduct did in fact cause severe emotional distress." *Richards v. U.S. Steel*, 869 F.3d 557, 566 (7th Cir. 2017). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Schweihs v. Chase Home Fin., LLC*, 2016 IL 120041, ¶ 51 (quoting the Restatement (Second) of Torts § 46 cmt. d (1965)). An IIED claim cannot be premised on "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities," and must involve distress "so severe that no reasonable man could be expected to endure it." *Id.* Maher fails to plead even one element of an IIED claim, let alone all three with plausibility.

None of the conduct alleged in the Complaint was remotely "extreme our outrageous," let alone so extreme "as to go beyond all possible bounds of decency." *Id.* The Complaint, at most, hints at some impropriety in regard to Nawal seeking an order of protection. But the allegations

10

and Verified Petition only show that Nawal asserted her legal rights through the normal and appropriate state law process. Even crediting every baseless and contradictory statement in the Complaint, there was no "extreme or outrageous" behavior. *Id.* There was no "atrocious" or "intolerable" action. *Id.* Moreover, the IIED allegations point only to actions by Nawal or her attorney Vivian Khalaf, and not statements or conduct by Naser. Complaint at 6, ¶¶ 2, 4. The Complaint simply does not say that Naser did anything extreme or outrageous, and for that reason the IIED claim fails.

Also, the Complaint has no allegation about Naser's intent to inflict emotional distress on Maher. *Id.* at 6. Further, Maher does not plead severe emotional distress, let alone distress "so severe that no reasonable man could be expected to endure it." *Schweihs,* 2016 IL 120041, ¶51. He only generically claims "great emotional and physical pain and suffering."[7] Complaint at 3, ¶ 7. Such claims are insufficient. *See Taliani v. Resurreccion*, 2018 IL App (3d) 160327, ¶ 28 (affirming the emotional distress insufficiently severe where "plaintiff did not seek medical or psychological treatment for his emotional suffering"). Maher has not plausibly pled any element of an IIED claim, let alone pled all three elements. The IIED claim should be dismissed.

**D. Count IV is legally insufficient because it does not plead a statement that is defamatory, or resulting harm to Maher, or any statement not protected by the litigation privilege.**

The Complaint fails to adequately plead defamation because none of the alleged statements are shown to be defamatory, Maher does not even attempt to plead special damages, and the purported statements would be absolutely privileged as litigation statements regardless. "To state a cause of action for defamation, a plaintiff must present facts showing the defendant made a false

---

[7] Maher also alleges that the order of protection caused a stroke. But he does not claim the stroke was caused by emotional distress, and his allegations regarding the stroke are impossible as previously explained.

statement about the plaintiff, [that] the defendant made an unprivileged publication of that statement to a third party, and [that] the publication caused damages." *Hadley v. Doe*, 2015 IL 118000, ¶ 30. "A statement may be actionable per se if it is defamatory on its face and fits in one of the [five] limited categories outlined by our supreme court:… (1) words imputing the commission of a criminal offense; (2) words imputing infection with a loathsome communicable disease; (3) words imputing an inability to perform or want of integrity in the discharge of the duties of office or employment; (4) words which prejudice a party or impute lack of ability in his or her trade, profession or business; and (5) words imputing adultery or fornication." *Maag v. Illinois Coal. for Jobs, Growth & Prosperity*, 368 Ill. App. 3d 844, 849 (2006). Otherwise, the action is for defamation *per quod* and "the plaintiff must plead and prove special damages." *Tuite v. Corbitt*, 224 Ill. 2d 490, 501 (2006). Special damages are "'actual damages of a pecuniary nature, … a necessary and proximate consequence of the publication involved,'" and proven by "direct, rather than merely circumstantial evidence." *Rivera v. Allstate Ins. Co.*, 907 F.3d 1031, 1039 (7th Cir. 2018). "Put in more concrete terms, the plaintiff must identify a third party who refused to do business with him based on the defendant's defamatory statements." *Id.*

Initially, Maher fails to plead a specific defamatory statement. The complaint "must set forth the statements about which the plaintiff complains with specificity" because "a defendant must have the opportunity to know which statement he is accused of making." *Widmar v. Sun Chem. Corp.*, 772 F.3d 457, 468 (7th Cir. 2014). But here Maher only pleads generally that Naser "stated that Plaintiff Maher Rustom was abusive to his mother… in writing for the public to view." Complaint at 7, ¶ 2. Without more, Naser cannot know what statement he is accused of making, the content, words used, meaning, when it was made, to whom, or context. On this basis alone, the claim defamation should be dismissed.

Maher also does not plead defamation *per se,* or the special damages necessary to plead defamation *per quod.* The alleged statement that "Plaintiff Maher Rustom was abusive to his mother" does not fall within any of the five categories of defamation *per se* such as adultery or communicable diseases. *Id. See Maag*, 368 Ill. App. 3d at 849. Even if it did, the statement would be subject to an innocent construction as an opinion about his demeanor, not a defamatory *per se* statement.

Any defamation *per quod* claim also fails because Maher makes no attempt to plead special damages, which must be pled with specificity. *Tuite v. Corbitt*, 224 Ill. 2d 490, 501 (2006); Fed. R. Civ. P. 9(g). Maher only pleads generally that Naser somehow "injured his reputation." Complaint at 7, ¶ 4. That allegation does not remotely plead any special damages, nor provide any basis to demand $15 million dollars in compensatory and punitive damages. *Id.* at 7, ¶ 5.

Finally, if Maher's claim about a purportedly defamatory statement is for one made in the DuPage County order of protection proceedings, any such statement by Naser (had he made any) would be absolutely privileged and cannot form the basis of a defamation suit. *MacGregor v. Rutberg*, 478 F.3d 790, 791 (7th Cir. 2007) ("Illinois like other states recognizes an absolute privilege for statements in testimony or pleadings in a judicial proceeding").

Maher fails to plead any defamatory statement, fails to plead either defamation *per se* or *per quod,* and fails to hint at any statement that would not be protected by the litigation privilege. The fourth cause of action for defamation should be dismissed.

/

/

/

/

13

**CONCLUSION**

Nothing alleged by Maher Rustom supports a viable claim for misrepresentation (whether fraudulent or negligent), IIED or defamation. The allegations in the Complaint are not well-grounded in either fact or law. Plaintiff cannot prove any set of facts that would entitle him to relief, and, for all these reasons, the Complaint should be dismissed in its entirety, with prejudice, and with such additional relief as the Court may deem proper and appropriate.

Dated: January 10, 2019                                      Respectfully submitted,

                                                            /s/  *Matthew J. Piers*
                                                            One of the Attorneys for Defendant

Matthew J. Piers                                            Russell C. Green
Charles D. Wysong                                           LAW OFFICE OF RUSSELL C. GREEN
HUGHES SOCOL PIERS RESNICK & DYM, LTD.                      200 S. Michigan Ave., Suite 201
70 W. Madison St., Suite 4000                              Chicago, IL  60604
Chicago, IL  60602                                         312.408.0076
312.580.0100                                               rcglawchicago@gmail.com
mpiers@hsplegal.com
cwysong@hsplegal.com

14