IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAHER RUSTOM, | |
| Plaintiff, | Case No. 1:18-cv-05278 |
| v. | HONORABLE, CHARLES NORGLE <br> Judge Presiding |
| NASER RUSTOM, | |
| Defendants. | HONORABLE, SHELIA FINNEGAN. <br> Magistrate Judge |

### REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, by and through his attorneys, the Law Office of Russell C. Green and Hughes Socol Piers Resnick Dym, Ltd., submits this Reply in Support of his Motion to Dismiss pursuant to Rules 9 and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's Amended Response to the Motion to Dismiss ("Resp.," Doc. 16) ignores the Motion to Dismiss and controlling case law presented therein. Plaintiff Maher's brief simply repeats the allegations of the Complaint verbatim, but the allegations no more state a viable claim when repeated in a brief than when initially pled. Plaintiff still has not alleged a single viable cause of action and the Complaint should be dismissed in its entirety pursuant to Rules 12(b)(6) and 9.

**A. Count I fails to plead duty or a claim for negligent misrepresentation.**

Plaintiff Maher admits that to state a claim for negligent misrepresentation, he must allege "a duty owed by defendant to plaintiff." Resp. at 7. Yet Maher fails to either plead or even attempt to explain in his brief how Naser could have any duty to Plaintiff Maher. Illinois recognizes "only two circumstances" when such a duty exists: first where the false information "results in physical injury to a person or harm to property" or second "in the business of supplying information." *Brogan v. Mitchell Int'l, Inc.*, 181 Ill. 2d 178, 184 (1998). All of the cases cited by Plaintiff involve

1

one of those two types of duty, Resp. at 7-8, and neither situation applies here.[1] Defendant Naser simply had no duty toward Plaintiff Maher and for this reason alone the negligent misrepresentation claim fails.

Maher discusses *Rozny v. Marnul*, 43 Ill. 2d 54 (1969), at length as purported support for the theory that a claim of negligent misrepresentation "can be pleaded where a defendant makes the misrepresentation to a third party concerning the plaintiff." Resp. at 8. But as plaintiff admits, *Rozny* was a case where the *plaintiff relied* on defendant's false statement in a survey. *See* Resp. at 8 (plaintiff, "[r]elying on the [false] survey" of defendant, built a driveway). Plaintiff Maher's Complaint here contains no allegation that he relied on any statement by Defendant Naser.

Maher also fails to plead plausibly how Naser was negligent or what specific purported statements are at issue. Maher states generically that Naser "falsely and fraudulently represented to the circuit court in DuPage County that his mother wanted an order of protection." Resp. at 1. But there is no allegation or explanation for how Naser, a non-party to that litigation, made any statement, let alone a false statement, to the Circuit Court of DuPage County. The Verified Petition for an Order of Protection for Nawal includes no statement from Naser, nor did he "present" anything to the Circuit Court of DuPage County. *See* Ex. A to the Motion to Dismiss (Verified Petition for Order of Protection). Naser is not an attorney, nor did he act on his mother's behalf. The petition for an order of protection was verified and filed by Nawal's separate counsel, Ms. Mervate Mohammad. *Id.* at 9.

Maher does not plead when or where alleged statements were made. Maher does not plead how any statement was allegedly "presented" by Naser, who was not a named party to the state

---

[1] Plaintiff alleges that he had a stroke, but does not claim that as the basis for any duty. Further, as explained below, according to the Complaint the stroke *pre-dates* the Order of Protection. The allegation is thus impossible and any purported stroke cannot be the basis for a duty.

2

court proceedings. Maher does not plead the content of the statement, or what Naser himself actually did or said. For any and all of these reasons, Count I for negligent misrepresentation should be dismissed.

### B. Count II fails to plead fraud with plausibility or particularity.

Plaintiff Maher has utterly failed to plead the elements of a claim of fraudulent misrepresentation, let alone with the particularity required by Rule 9(b). Plaintiff has not identified the allegedly false statement made by Naser, let alone "the who, what, when, where, and how" of the purported fraudulent statement. *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff argues generally that "Naser intentionally made said false statements to the circuit court," Resp. at 10, but never states the content or circumstances of the purported statements. Instead, he simply points to a statement by "Vivian Khalaf, Maher [sic] Mother's personal attorney," *id.*, with no explanation for how Maher can sue Naser for a statement made by Ms. Khalaf.

Moreover, there is no allegation or explanation for how Naser could or would know any statement he made was false, how *Maher* relied on any purportedly false statement made by Naser, or how such a statement injured—and was intended to injure—Plaintiff Maher. Instead, Plaintiff Maher doubles down on the impossible claim that Naser's statements caused the entry of an order of protection, which then caused Maher to have a stroke. Resp. at 9. But Maher alleges that he suffered "a stroke on the same day" Nawal left her home, March 20, 2018, Complaint at 4, ¶ 11 and at 5, ¶ 12, and the order of protection was entered *six days later* on March 26, 2018. Verified Petition, Ex. A at 1. The alleged causal connection is temporally impossible. *Tamayo,* 526 F.3d at 1086 ("'A plaintiff pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits[,]'" (citation omitted) noting that "our pleading rules do not tolerate factual inconsistencies in a complaint").

3

Plaintiff Maher fails to allege the elements of fraudulent misrepresentation, let alone with any plausibility or the details required by Rule 9(b). *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008). The fraud claim should be dismissed pursuant to Rules 12(b)(6) and 9(b).

### C. Count III does not plead a claim for IIED.

The Complaint does not allege a single element of an IIED claim, nor does Plaintiff's Response brief seriously attempt to defend the claim. The Response cites not a single case in support of the allegation that the conduct alleged in the Complaint is "extreme and outrageous" under Illinois law. The sole case relied on by Plaintiff, *Richards v. U.S. Steel*, 869 F.3d 557 (7th Cir. 2017), was also cited by Defendant for the elements of an IIED claim, but in fact holds that the conduct there at issue—harassment in the workplace—was not "extreme and outrageous." Nothing pled in the Complaint is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Schweihs v. Chase Home Fin., LLC*, 2016 IL 120041, ¶51. Nor does Plaintiff even recite Naser's alleged intent or plausibly link any conduct by Naser to any extreme distress. The IIED claim should be dismissed.

### D. Count IV does not plead defamation *per se*.

Plaintiff admits that he only attempts to plead defamation *per se*, Resp. at 11-12, but ignores binding Illinois law that defamation *per se* claims can only be based on statements in five specific categories recognized by Illinois courts. *Maag v. Illinois Coal. for Jobs, Growth & Prosperity*, 368 Ill. App. 3d 844, 849 (2006) (listing categories of statements related to crimes, communicable disease, lack of ability or integrity in employment or trade, or adultery). None of those categories apply here, and for that reason alone the defamation claim must be dismissed.

4

Further, while the Complaint only pleads generally that Naser "stated that Plaintiff Maher Rustom was abusive to his mother… in writing for the public to view," Complaint at 7, ¶ 2, Plaintiff now argues in the Response brief that Naser made false and defamatory statements to Ms. Khalaf or "family members and friends." Resp. at 12. Neither the original allegation nor Plaintiff's new allegation presents a specific allegedly defamatory statement. For this additional reason the defamation claim should be dismissed. *Widmar v. Sun Chem. Corp.*, 772 F.3d 457, 468 (7th Cir. 2014) (the complaint "must set forth the statements about which the plaintiff complains with specificity").

## CONCLUSION

Nothing alleged or argued by Plaintiff Maher Rustom supports a viable claim for misrepresentation (whether fraudulent or negligent), IIED, or defamation. The Response ignores Defendant Naser's Motion to Dismiss and the authority cited therein. Plaintiff cannot prove any set of facts that would entitle him to relief, and, for all these reasons, the Complaint should be dismissed in its entirety, with prejudice, and with such additional relief as the Court may deem proper and appropriate.

Dated: March 1, 2019　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　/s/ *Matthew J. Piers*
　　　　　　　　　　　　　　　　　　　　　　　One of the Attorneys for Defendant

Matthew J. Piers　　　　　　　　　　　　　　　Russell C. Green
Charles D. Wysong　　　　　　　　　　　　　　LAW OFFICE OF RUSSELL C. GREEN
HUGHES SOCOL PIERS RESNICK & DYM, LTD.　　　200 S. Michigan Ave., Suite 201
70 W. Madison St., Suite 4000　　　　　　　　Chicago, IL 60604
Chicago, IL 60602　　　　　　　　　　　　　　312.408.0076
312.580.0100　　　　　　　　　　　　　　　　rcglawchicago@gmail.com
mpiers@hsplegal.com
cwysong@hsplegal.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that he caused a true and correct copy of the attached **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS,** to be served through CM/ECF system automatically to counsel of record on March 2, 2019.

/s/ *Matthew J. Piers*
One of the Attorneys for Defendants